### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
### CASE NO.:

| | |
|---|---|
| PAUL BASS-LEVITIN,<br><br>              Plaintiff,<br><br>         v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION (of Delaware) LLC, EQUIFAX INFORMATION SERVICES, LLC, BARCLAYS BANK DELAWARE, DISCOVER FINANCIAL SERVICES, INC. and JP MORGAN CHASE BANK NA,<br><br>              Defendants. | **PLAINTIFF'S FIRST COMPLAINT** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendants EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION (of Delaware), LLC ("Trans Union"), EQUIFAX INFORMATION SERVICES, LLC, ("Equifax'), BARCLAYS BANK DELAWARE ("Barclays"), DISCOVER FINANCIAL SERVICES, INC. ("Discover") and JP MORGAN CHASE BANK, NA ("Chase") alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2.      The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.      The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION

4.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

5.      The Plaintiff is a natural person and resident of the State of New York.  He is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

6.      EXPERIAN INFORMATION SOLUTIONS, INC. is a corporation formed under the laws of the State of Ohio and authorized to do business in the State of New York through its registered offices at the CT Corporation System, Inc., 28 Liberty Street, New York, New York 10005.

7.      Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      TRANS UNION (of Delaware), LLC is a limited liability company with its principal place of business located within Chicago, Illinois and authorized to do business in the State of New York through its registered offices at the Prentice Hall Corporation System, Inc., 80 State Street, Albany, New York 12207.

10.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12.     EQUIFAX INFORMATION SERVICES, LLC is a limited liability company formed under the laws of the State of Georgia and authorized to do business in the State of New York through its registered offices at the Corporation Service Company, 1180 Avenue of the Americas, Suite 210, New York, New York 10036.

13.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

14.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15.     Defendant BARCLAYS BANK DELAWARE is a foreign business corporation and authorized to do business in the State of New York through its parent company Barclays Bank PLC corporate address 745 7th Avenue, New York, New York 10019.

16.     At all times relevant hereto, Barclays in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

17.     DISCOVER FINANCIAL SERVICES, INC. is a foreign business corporation and authorized to do business in the State of New York through its registered offices at the CT Corporation System, Inc., 28 Liberty Street, New York, New York 10005.

18.     At all times relevant hereto, Discover in the ordinary course of business, regularly extends open-ended consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

19.     JP MORGAN CHASE BANK, NA is authorized to conduct business in the State of New York through its parent company JP Morgan Chase & Company's principal executive offices at 270 Park Avenue, New York, NY 10017.

20.     At all times relevant hereto, Chase Bank in the ordinary course of business, regularly extends open-end consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable by agreement and is a "person" as defined by 15 U.S.C. § 1681 (b).

21.     Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York long-arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

22.     On or about September 2, 2018, while vacationing in Las Vegas, Plaintiff lost his wallet that contained his Discover credit card, identification and cell phone. Plaintiff, upon learning that his wallet was missing, set about to search for it, without success.

23.     This was when thieves got a hold of Plaintiff's wallet and were able to hack into his phone, and access his Barclays and Discover cards listed with Apple Pay. Within a time frame of 24 hours, were able to rack up approximately $22,000 in debt.

24.     The debt was fraudulently racked up using Plaintiff's credit cards issued by Chase, Barclays and Discover.

25.     Upon discovering the fraudulent debt, Plaintiff immediately contacted Chase, Barclays and Discover. Initially, Chase, Barclays and Discover notified Plaintiff that everything would be taken care of and he would not be responsible for the fraudulent charges.

26.     After his initial notifications from Chase, Barclays and Discover, the Plaintiff was then told that the fraudulent charges would become his responsibility if he did not obtain a police report.

27.     Plaintiff returned home to New York, where he attempted to file a police report with the New York City Police Department. His efforts were unsuccessful after being given the runaround.

28.     During this time of attempting to file a police report, Plaintiff received letters from Chase, Barclays and Discover.

29.     The letter received from Chase was dated November 6, 2018, and claimed that after its investigation, the charges were legitimate and applied to Plaintiff's account.

30.     The letter received from Barclays was dated November 8, 2018 and claimed that after its investigation, Barclays was unable to accept the transactions as fraudulent.

31.     The letter received from Discover was dated October 26, 2018, and claimed that Discover had investigated and concluded that no fraud occurred on Plaintiff's account.

32.     Since his attempts to file a police report in New York City were unsuccessful, Plaintiff returned to Las Vegas and filed an official police report with the Las Vegas Metropolitan Police Department explaining the aforementioned identity theft and fraud. This report was later sent to all three credit bureaus, Equifax, Experian, and TransUnion and Chase, Barclays and Discover.

33.     Prior to discovering this fraudulent and unauthorized activity, Plaintiff's balances on his Chase and Barclays cards were zero. Plaintiff's balance on his Discover card did not exceed Three Hundred Dollars ($300.00).

34.     Additionally, Barclays not only failed to close the account, it continued to issue a new card to the perpetrator(s) in association with this account. The new card was account # ****-****-****-6067.

35.     In around January 2019, Plaintiff applied for a credit card with Best Buy. Due to the inaccurate credit reporting of his Barclays, Discover, and Chase accounts, Experian, Equifax and Trans Union, Plaintiff was denied credit.

36.     Plaintiff received a collection letter dated July 5, 2019 from Alltran Financial LP, collecting the fraudulent charges on behalf of Chase.

37.     Plaintiff received a pre-litigation notice from Discover dated July 8, 2019, threatening legal action to collect the fraudulent charges.

38.     Plaintiff sent multiple disputes and the police report to Equifax, Experian, and Trans Union to attempt to have them remove the inaccuracies from Plaintiff's credit report, to no avail.

39.     Equifax, Experian and Trans Union failed to remove the inaccurate information contained within Plaintiff's credit report.

40.     Plaintiff sent the police report to Chase, Barclays and Discover to attempt to have them reinvestigate his complaints, but to no avail.

41.     Subsequently, Chase, Barclays and Discover failed to reinvestigate Plaintiff's complaints.

42.     The information furnished after the theft of Plaintiff's wallet by Chase, Barclays and Discover to Equifax, Experian and Trans Union was at all times inaccurate.

43.     Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous and unverified representations made by Chase, Barclays and Discover on his credit file.

44.     On or about a date better known to Experian, Chase, Barclays and Discover, Experian furnished Plaintiff's disputes to Chase, Barclays and Discover.

45.     Chase, Barclays and Discover failed to reasonably reinvestigate Plaintiff's disputes that Chase, Barclays and Discover received from Experian in violation of § 1681s-2(b)(1)(A) of the FCRA.

46.     Defendants Chase, Barclays and Discover further violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to accurately correct and update or delete Plaintiff's information for a period

of time subsequent to receiving Plaintiff's dispute from Experian and prior to the commencement of this action.

47.     Experian responded to Plaintiff's disputes, claiming the information was reported verified as accurate and the information was updated.

48.     Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Chase, Barclays and Discover on his credit file.

49.     On or about a date better known to Equifax, Chase, Barclays and Discover, Equifax furnished Plaintiff's disputes to Chase, Barclays and Discover.

50.     Chase, Barclays and Discover failed to reasonably reinvestigate Plaintiff's disputes that Chase, Barclays and Discover received from Equifax in violation of § 1681s-2(b)(1)(A) of the FCRA.

51.     Defendants Chase, Barclays and Discover further violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Equifax and prior to the commencement of this action.

52.     Equifax responded to Plaintiff's disputes, claiming the information was reported verified as accurate and the information was updated.

53.     Plaintiff sent correspondence to Trans Union, requesting that Trans Union verify and correct the inaccurate, erroneous and unverified representations made by Chase, Barclays and Discover on his credit file.

54.     On or about a date better known to Trans Union, Chase, Barclays and Discover, Trans Union furnished Plaintiff's disputes to Chase, Barclays and Discover.

55.     Chase, Barclays and Discover failed to reasonably reinvestigate Plaintiff's disputes that Chase, Barclays and Discover received from Trans Union in violation of § 1681s-2(b)(1)(A) of the FCRA.

56.     Defendants Chase, Barclays and Discover further violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Experian and prior to the commencement of this action.

57.     Trans Union responded to Plaintiff's disputes, claiming the information was reported verified as accurate and the information was updated.

58.     Plaintiff sent correspondence to Chase, requesting that Chase verify and correct the erroneous and unverified representations made by Chase in his credit file.

59.     Plaintiff's disputes with Chase have been in vain, as Chase has refused to take the required corrective action regarding the account's reporting on Plaintiff's credit profile.

60.     Plaintiff sent correspondence to Barclays, requesting that Barclay's verify and correct the erroneous and unverified representations made by Barclays in his credit file.

61.     Plaintiff's disputes with Barclays have been in vain, as Barclays has refused to take the required corrective action regarding the account's reporting on Plaintiff's credit profile.

62.     Plaintiff sent correspondence to Discover, requesting that Discover verify and correct the erroneous and unverified representations made by Discover in his credit file.

63.     Plaintiff's disputes with Discover have been in vain, as Discover has refused to take the required corrective action regarding the account's reporting on Plaintiff's credit profile.

64.     Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information,

documents, claims or evidence and did not make any attempt to substantially or reasonably verify the representation.

65.     Experian failed to conduct a reasonable investigation by failing to consider and analyze additional information that would have confirmed Plaintiff's disputes.

66.     As a result of Experian's negligent actions and omissions, Plaintiff has been damaged, including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

67.     As a result of Experian's negligent actions and omissions, Plaintiff has also suffered nervousness, frustration, injury to his sense of well-being, humiliation, embarrassment, and mental distress and anguish.

68.     Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, documents, claims or evidence and did not make any attempt to substantially or reasonably verify the representation.

69.     Equifax failed to conduct a reasonable investigation by failing to consider and analyze additional information that would have confirmed Plaintiff's disputes.

70.     As a result of Equifax's negligent actions and omissions, Plaintiff has been damaged, including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

71.     As a result of Equifax's negligent actions and omissions, Plaintiff has also suffered nervousness, frustration, injury to his sense of well- being, humiliation, embarrassment, and mental distress and aguish.

72.     Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, documents, claims or evidence and did not make any attempt to substantially or reasonably verify the representation.

73.     Trans Union failed to conduct a reasonable investigation by failing to consider and analyze additional information that would have confirmed Plaintiff's disputes.

74.     As a result of Trans Union's negligent actions and omissions, Plaintiff has been damaged, including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

75.     As a result of Trans Union's negligent actions and omissions, Plaintiff has also suffered nervousness, frustration, injury to his sense of well- being, humiliation, embarrassment, and mental distress and aguish.

76.     Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Chase did not evaluate or consider any of Plaintiff's information, claims or evidence and repeatedly failed to reinvestigate the matter.

77.     Chase failed to conduct even a reasonably precursory investigation by failing to analyze additional information that would have confirmed Plaintiff's disputes.

78.     By its actions as described herein, Chase furnished communicated false credit information in an attempt to oppress and harass Plaintiff into paying more money that what Plaintiff actually owed.

79.     As a result Chase's willful actions and omissions, Plaintiff has been damaged including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

80.     As a result of Chase's negligent actions and omissions, Plaintiff has been damaged including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

81.     As a result of Chase's negligent actions and omissions, Plaintiff has suffered humiliation, embarrassment, anxiety.

82.     Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Barclays did not evaluate or consider any of Plaintiff's information, claims, or evidence and repeatedly failed to reinvestigate the matter.

83.     Barclays failed to conduct even a reasonably precursory investigation by failing to consider and analyze additional information that would have confirmed Plaintiff's disputes.

84.     By its actions as described herein, Barclays furnished communicated false credit information in an attempt to oppress and harass Plaintiff into paying more money that what Plaintiff actually owed.

85.     As a result Barclays' willful actions and omissions, Plaintiff has been damaged including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

86.     As a result of Barclays' negligent actions and omissions, Plaintiff has been damaged including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

87.     As a result of Barclays' negligent actions and omissions, Plaintiff has suffered humiliation, embarrassment, anxiety, and other forms of mental anguish.

88.     Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Discover did not evaluate or consider any of Plaintiff's information, claims or evidence and repeatedly failed to reinvestigate the matter.

89.     Discover failed to conduct even a reasonably precursory investigation by failing to consider and analyze additional information that would have confirmed Plaintiff's disputes.

90.     By its actions as described herein, Discover furnished false credit information in an attempt to oppress and harass Plaintiff into paying more money that what Plaintiff actually owed.

91.     As a result of Discover's willful actions and omissions, Plaintiff has been damaged including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

92.     As a result of Discover's negligent actions and omissions, Plaintiff has been damaged including, without limitation, reduction in credit scores, reduction in lines of credit, and denial for various financial products.

93.     As a result of Discover's negligent actions and omissions, Plaintiff has suffered, humiliation, embarrassment, anxiety.

**FIRST CLAIM FOR RELIEF**
**AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION**
**Violation of § 1681e(b) of the FCRA**

94.     The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

95.     Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

96.     As a result of Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

97.     The violations by Equifax, Experian, and TransUnion were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and TransUnion were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**SECOND CLAIM FOR RELIEF**
**AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION**
<u>**Violation of § 1681i(a) of the FCRA**</u>

99.     The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

100.     Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from each of the Plaintiff's credit files.

101.     Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff.

102.     Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from each of the Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

103.    As a result of Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

104.    The violations by Equifax, Experian, and TransUnion were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and TransUnion were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

105.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

106.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Experian, Equifax, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### THIRD CLAIM FOR RELIEF
### AGAINST EXPERIAN, EQUIFAX AND TRANS UNION
### Violation of § 380-f of New York State General Obligations Law (NY GBS)

107.    The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

108.    Experian, Equifax and Trans Union willfully violated NY GBS § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff.

109.    As a result of this conduct, action and inaction of Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit

from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why he lost the ability to benefit from credit.

110.   Experian, Equifax and Trans Union's conduct, actions and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

111.   The Plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and TransUnion in an amount to be determined by the Court pursuant to NY GBS § 380-l.

**FOURTH CLAIM FOR RELIEF**
**AGAINST EXPERIAN, EQUIFAX AND TRANSUNION**
**Violation of § 380-f of New York State General Obligations Law (NY GBS)**

112.   The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

113.   Experian, Equifax and Transunion willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file; and by relying upon verification from a source it has reason to know is unreliable.

114.   As a result of this conduct, action and inaction of Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial

products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why he lost the ability to benefit from credit.

115.    Experian, Equifax, and Trans Union's conduct, action and inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

116.    The Plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-l.

**FIFTH CLAIM FOR RELIEF**
**AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION**
**Violation of § 380-f of New York State General Obligations Law (NY GBS)**

117.    The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

118.    Experian, Equifax and Trans Union violated NY GBS § 380-f by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff.

119.    As a result of this conduct, action and inaction of Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why he lost the ability to benefit from credit.

120.    Experian, Equifax and Trans Union's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in amount to be determined by the Court pursuant to NY GBS § 380-m.

121.    The Plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-m.

### SIXTH CLAIM FOR RELIEF
### AGAINST EXPERIAN, EQUIFAX AND TRANS UNION
### Violation of § 380-f of New York State General Obligations Law (NY GBS)

122.    The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

123.    Experian, Equifax and Trans Union violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file; and by relying upon verification from a source it has reason to know is unreliable.

124.    As a result of this conduct, action and inaction of Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why he lost the ability to benefit from credit.

125.    Experian, Equifax and Trans Union's conduct, action and inaction was negligent, rendering them liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m.

126.    The Plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## SEVENTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS CHASE, BARCLAYS, AND DISCOVER
### Violation of § 1681s-2(b)(1)(A) and (B) of the FCRA

127.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

128.    On at least one occasion within the past two years, by example only and without limitation, Chase, Barclays, and Discover violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

129.    On one or more occasions within the past two years, by example only and without limitation, Chase, Barclays, and Discover violated 15 U.S.C.§1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

130.    When Plaintiff mailed his detailed, written disputes and enclosures to the CRAs, they use a dispute system named "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as Chase, Barclays, and Discover.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

131.    When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

132.    The ACDV form is the method by which Chase, Barclays, and Discover has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

133.    Based on the manner in which the CRAs responded to – or did not respond to – each of Plaintiff's disputes, representing that Chase, Barclays, and Discover had "verified" the supposed accuracy of their reporting, Plaintiff alleges that Equifax, Experian, and TransUnion did in fact forward the Plaintiff's disputes via an ACDV to Chase, Barclays, and Discover.

134.    Chase, Barclays, and Discover each understood the nature of the Plaintiffs' disputes when it received the ACDVs from Equifax, Experian, and TransUnion.

135.    When Chase, Barclays, and Discover received the ACDVs from Equifax, Experian, and TransUnion, it as well could have reviewed their own systems and previous communications with the Plaintiff and discovered that Plaintiff did not owe Chase, Barclays, and Discover anything on the accounts for all months that he disputed, which months inaccurately reflected that Plaintiff's accounts were due and owing.

136.    Notwithstanding the above, discovery will show Chase, Barclays, and Discover follow standard and systemically unlawful processes when they receive an ACDV dispute. Basically, all Chase, Barclays, and Discover do is review their own internal computer screens for the accounts and repeat back to the ACDV system the same information Chase, Barclays, and Discover already had reported to the CRAs.

137.    When Chase, Barclays, and Discover receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the information already in their computer systems is itself accurate.

138.    As a result of Chase, Barclays, and Discover's violations of 15 U.S.C. §1681s-2(b)(1)(A) and (B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

139.    The violations by Chase, Barclays, and Discover were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Chase, Barclays, and Discover were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

140.     The law in this District and even nationally has long been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

141.     Discovery will show Chase, Barclays, and Discover were aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding Plaintiff's disputes. Discovery will further show that Chase, Barclays, and Discover knew that virtually every Circuit has adopted the reasonableness requirement established by *Johnson*, and while the Second Circuit has yet to speak on the subject, that this Court has likewise applied *Johnson* in this context. *Okocha v. HSBC Bank USA, N.A.*, No. 08 CIV.8650(MHP), 2010 WL 5122614, at *5 (S.D.N.Y. Dec. 14, 2010).

142.     Discovery will also show that the procedures Chase, Barclays, and Discover followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Chase, Barclays, and Discover intended their employees or agents to follow.

143.     Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Chase, Barclays, and Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**EIGHTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS CHASE, BARCLAYS, AND DISCOVER**
**Violation of § 1681s-2(b)(1)(C) and (D) of the FCRA**

144.     The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

145.     On one or more occasions within the past two years, by example only and without limitation, Chase, Barclays, and Discover violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing Chase, Barclays, and Discover's inaccuracies within Plaintiff's credit files with

Equifax, Experian, and TransUnion without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

146.    Specifically, Chase, Barclays, and Discover failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to Equifax, Experian, and TransUnion.

147.    Discovery will show that Chase, Barclays, and Discover rarely if ever add the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

148.    Chase, Barclays, and Discover knew that the Plaintiff disputed the subject accounts on at least one occasion directly with Chase, Barclays, and Discover and their agents.

149.    The Plaintiff's disputes were, at a minimum, *bone fide*.

150.    In fact, the Plaintiff's disputes were justified because, as he explained in each dispute, he did not authorize the charges Chase, Barclays, and Discover claimed he owed. Chase, Barclays, and Discover inaccurately reported the account status despite the fact that Chase, Barclays, and Discover did not have documentation to show that the Plaintiff authorized the charges Chase, Barclays, and Discover claimed he owed.

151.    Discovery will show Chase, Barclays, and Discover was aware of the *Saunders v. B.B. & T*. FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding the Plaintiff's disputes. Discovery will also show that Chase, Barclays, and Discover were aware that this District has adopted the standards from *Saunders* regarding the reporting of the status of a dispute to the CRAs. *Ritchie v. N. Leasing Sys., Inc.*, No. 12-cv-4992 (KBF), 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016), *aff'd sub nom. Ritchie v. Taylor*, 701 F. App'x 45 (2d Cir. 2017).

152.     Discovery will further confirm that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Chase, Barclays, and Discover intended their employees or agents to follow.

153.     Discovery will also show Chase, Barclays, and Discover's employees or agents did not make a mistake (in the way in which he or she followed Chase, Barclays, and Discover's procedures) when he or she received, processed and responded to the Equifax, Experian, and Trans Union's ACDVs and did not include the XB code in the CCC field.

154.     Discovery will likewise confirm that Chase, Barclays, and Discover have not materially changed their FCRA investigation procedures regarding the CCC field in ACDVs after learning of their failures in this case.

155.     As a result of Chase, Barclays, and Discover's violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

156.     The violation by Chase, Barclays, and Discover were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Chase, Barclays, and Discover were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

157.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Chase, Barclays, and Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## NINTH CLAIM FOR RELIEF
## AGAINST DEFENDANTS CHASE, BARCLAYS, AND DISCOVER
### Violation of § 1681s-2(b)(1)(E) of the FCRA

158.     The Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

159.     Defendants Chase, Barclays and Discover violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Experian, Equifax and Trans Union and prior to the commencement of this action. This failure to correct Plaintiff's information resulted from Chase, Barclays and Discover's failure to investigate as articulated herein, after Chase, Barclays and Discover received notice of Plaintiff's dispute from Experian, Equifax, and Transunion.

160.     As a result of this conduct, action and inaction of Chase, Barclays and Discover, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, reduction in credit scores, reduction in lines of credit, and denial for various financial products, the mental and emotional pain and anguish and the humiliation and embarrassment of having to borrow money and offer explanations for why he lost the ability to benefit from credit.

161.     Chase, Barclays and Discover's conduct, action and inaction was willful, rendering them liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

162.     The Plaintiff is entitled to recover costs and attorney's fees from Defendants Chase, Barclays, and Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

163.     Alternatively, Chase, Barclays and Discover's conduct, action and inaction was negligent, rendering them liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

164.    The Plaintiff is entitled to recover costs and attorney's fees from Defendants Chase, Barclays and Discover in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## **PRAYER FOR RELIEF**

Plaintiff, Paul Bass-Levitin prays that this Court:

1.    Declare that the Defendants violated the FCRA;

2.    Enter judgment in favor of Plaintiff and against Defendants Experian, Equifax and Trans Union, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

3.    Declare that the Experian, Equifax and Trans Union violated the NY GBL § 380;

4.    Enter judgment in favor of Plaintiff and against Experian, Equifax and Trans Union for statutory damages, costs, and reasonable attorneys' fees as provided by § 380-l of the NY GBL.

5.    Enter judgment in favor of Plaintiff and against Defendants Chase, Barclays and Discover for damages, costs, and attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

6.    Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Paul Bass-Levitin, demands trial by jury.

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Dated: January 15, 2020

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212)  766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**